S. Blechman & Sons, Inc. v. Commissioner.
S. Blechman & Sons, Inc. v. Commissioner
Docket No. 45889.
United States Tax Court
T.C. Memo 1954-152; 1954 Tax Ct. Memo LEXIS 94; 13 T.C.M. (CCH) 870; T.C.M. (RIA) 54258; September 17, 1954, Filed *94 Jos. W. Cannon, C.P.A., 33 West 42nd Street, New York, N. Y., for the petitioner. Nathan M. Silverstein, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies for 1943, $1,522.83 in declared value excess profits tax and $31,069.68 in excess profits tax. The only issue for decision is whether $24,000 was paid to terminate a contract of employment or was part of the amount paid to retire 440 shares of the common stock of the petitioner. Findings of Fact The returns were filed with the collector of internal revenue for the Second District of New York. Marx D. Slonim had been employed by the petitioner for many years. He was treasurer, a director and the owner of 440 shares of its common stock in 1943. His wife held $24,200 face value of the debenture bonds of the petitioner. Slonim asked members of the Blechman family to "buy him out" in 1943 as a result of differences which had arisen. A contract was entered into on November 20, 1943, following negotiations, between Slonim and his wife and the petitioner. It provided in part as follows: "First: Simultaneously with the execution of this agreement, *95 the first parties agree to sell to the second party, and the second party agrees to purchase from the first parties, four hundred and forty (440) shares of the common capital stock of S. Blechman & Sons, Inc., now registered in the name of Marx D. Slonim, also Twenty-four thousand, two hundred ($24,200.00) Dollars par value in bonds of the second party now registered in the name of Flora W. Slonim; and Marx D. Slonim, one of the first parties, does hereby further agree to resign as an officer and as an employee of the second party as of the 5th day of November, 1943, and as a Director of the second party and as Trustee of the S. Blechman & Sons, Inc. Pension Trust as of this date, and the first parties further agree to release the second party and each of its Directors and stockholders and the Estate of Simon Blechman, Deceased, of and from all claims of whatever nature up to the date herein, for the sum of One hundred and twenty thousand ($120,000.00) Dollars." The agreement also provided for the payment of the premium due in December 1943 on an insurance policy on the life of Slonim, the assignment of the policy to Slonim, the payment of a bonus of $8,500 to Slonim for his services *96 up to November 5, 1943, and the payment of $1,500 to the Slonims' attorney. The contract was carried out. Slonim had no contract of employment with the petitioner extending beyond 1943. The Commissioner, in determining the deficiencies, disallowed a deduction of $24,000 claimed on the returns and explained that it was a part of the consideration paid for capital stock and debenture bonds and did not constitute an ordinary and necessary expense. The $24,000 was not an ordinary and necessary expense of the petitioner's business for 1943. Opinion MURDOCK, Judge: The petitioner contends that the $120,000 was paid, $24,200 for the bonds, $71,800 (the alleged book value) for the common stock and $24,000 to cancel the contract under which Slonim was employed. The record does not justify findings supporting that contention. Slonim said the stock was worth more than its book value. The record does not show either the book or fair market value of the stock. Slonim had no contract of employment with the petitioner except from year to year but believed he could have gone on indefinitely as an employee, had he so desired. He was not well, disagreed on policies with the Blechmans and *97 desired to terminate his relationship with the petitioner. He regarded the $120,000 as having been paid solely for the stock and bonds. The evidence does not show a meeting of the minds of the contracting parties that $24,000 was for the cancellation of any contract of employment or show that $24,000 was an amount which might have been paid with reason for such a purpose. Decision will be entered for the respondent.